Pamela M. Sayad (State Bar No: 103798)
Brenda F. Biren (State Bar No: 113072)
SAYAD & BIREN, APC
505 Montgomery Street, Suite 700
San Francisco, CA 94111
Telephone: (415) 392-4100
Facsimile: (415) 392-4001
pms@sayad-biren.com
bfb@sayad-biren.com

Barbara Giuffre (State Bar No: 158180)
LAW OFFICES OF BARBARA GIUFFRE
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 981-9114
Facsimile: (415) 434-0513
Barbara@igc.org

ATTORNEYS FOR PLAINTIFF
ANGEL WARNSO

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL WARNSO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. FOODSERVICE, INC., a corporation; ) <br> ROYAL AHOLD USA, a corporation; ) <br> ROYAL AHOLD, a Netherlands corporation;) <br> HENRY SMITH, an individual; JASON ) <br> STRANAHAN, an individual; CATHY ) <br> QUIGGLE, an individual; KEN HOBBS ) <br> an individual; and DOES 1 through 50, ) <br> inclusive. ) <br> Defendants. ) <br> _____) | Case No.:C 06-00251 MMC <br><br> **FIRST AMENDED** <br> **COMPLAINT FOR DAMAGES** <br><br> **JURY TRIAL DEMAND** |

    Plaintiff Angel Warnso ("Plaintiff Warnso") complains of Defendants U.S. Foodservice, Inc., a corporation, Royal Ahold USA, a corporation, Royal Ahold, a Netherlands corporation and Does 1 through 50, inclusive ( "Defendants"), Defendant Henry Smith, an individual,

Defendant Jason Stranahan, an individual, Defendant Cathy Quiggle, an individual, Defendant Ken Hobbs, an individual (hereinafter referred to as "Defendant Smith", "Defendant Stranahan" "Defendant Quiggle," "Defendant Hobbs" respectively, and collectively referred to as "All Defendants") and each of them, and for causes of action alleges:

## FACTS COMMON TO ALL CAUSES OF ACTION

1. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as Does 1 through 50, inclusive, are unknown to Plaintiff who therefore sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and on that basis alleges that each of the Defendants designated herein as a Doe was, in some manner, negligent or otherwise responsible for the occurrence and injuries alleged herein.

2. At all times mentioned herein, each and every Defendant was the agent and employee of each and every other Defendant and in doing the things herein alleged was acting within the course and scope of such agency and employment, and in doing the acts herein alleged was acting with the consent, permission, and authorization of each of the remaining Defendants. All actions of each Defendant as herein alleged were ratified and approved by the officers or managing agents of each and every other Defendant.

3. Plaintiff Angel Warnso, at all times relevant herein, was a resident of San Joaquin County. From January 2001 until August 2005, she worked for Defendants as Returns and Refusals Clerk/Cashier at Defendants' Livermore facility in the County of Alameda.

4. Plaintiff is informed and believes and on that basis alleges that Defendant U.S. Foodservice is a Delaware Corporation with a principal place of business in the County of Alameda. Plaintiff is informed and believes that Defendant Royal Ahold USA is a corporation. Defendant Royal Ahold is a Netherlands corporation. Defendant U.S. Foodservice is a subsidiary of Royal Ahold USA and/or Royal Ahold.

5. Defendant Henry Smith is an individual and at all times relevant herein was employed by Defendants as Supervisor/Lead at the Livermore facility in the County of Alameda.

Defendant Smith was Plaintiff's supervisor and/or acted in a supervisory capacity towards Plaintiff during his employment with Defendants. Defendant Jason Stranahan is an individual and at all times relevant herein was employed by Defendants as a supervisor in Defendants' Livermore Facility in the County of Alameda. Defendant Cathy Quiggle is an individual and at all times relevant herein was employed by Defendants as the Director of Human Resources of the Livermore Facility in the County of Alameda. Defendant Ken Hobbs is an individual and at all times relevant herein was employed by Defendants as a supervisor in Defendants' Livermore Facility in the County of Alameda.

6. Plaintiff Warnso was constructively terminated from her employment in violation of public policy on or about August 18, 2005.

7. At all times during her employment, Plaintiff performed her job in a competent and satisfactory manner.

8. At all times, Defendants purported to follow personnel policies, procedures and practices that prohibited them from terminating Plaintiff without good cause and in violation of public policy and from discriminating against, harassing or retaliating against Plaintiff during her employment. In addition, Defendants had policies, procedures and practices providing that they would promptly investigate allegations of sexual harassment and "implement appropriate corrective and preventive actions in response to complaints it receives."

9. During her employment with Defendants, Plaintiff was subjected to discrimination and unlawful harassment on the basis of her gender. Plaintiff Warnso was retaliated against and constructively terminated when she complained about her own treatment and the illegal treatment of other women.

10. During her employment, Plaintiff Warnso was subjected to, among other things, the following unrelenting and illegal conduct:

- Being told by Defendant Smith that he was separated from his wife, that he was lonely and wanted to have sex with her
- Being persistently harassed and bothered by Defendant Smith as he demanded that she have sex with him

- Being told malicious gossip by Defendant Smith about how other women that worked at the warehouse facility had sex with "half the warehouse guys"
- Being called a "fucking bitch" and being told words to the effect "I'm going to fuck you up" when she would tell Defendant Smith to leave her alone
- Learning that Defendant Smith spread vicious lies in the warehouse about her having had a sexual relationship with him and words to the effect that "she wasn't any good"
- Learning that Defendant Smith said that she "wasn't very good [sexually]"
- Learning that Defendant Smith told at least one co-worker that Plaintiff Warnso "is very hairy from the waist down" and that he knew this because he had sex with her; and
- Complaining about how other female employees were being illegally treated and nothing was being effectively done to stop it.

Plaintiff Warnso was subjected to retaliation and constructively terminated from her employment on August 18, 2005 when she could no longer tolerate the harassment and retaliation.

11.  Plaintiff repeatedly complained to Defendants, verbally and in writing, and in particular to Defendant Quiggle about the illegal conduct to which she and others had been subjected at work.  Defendants Stranahan and Hobbs were aware of these complaints of harassment, discrimination and retaliation.  Defendants and Defendant Hobbs, Defendant Quiggle, and Defendant Stranahan did not respond to these complaints, did not appropriately investigate them and did not take appropriate corrective action as required by Defendants' own internal policies and/or by relevant state and federal law.

12.  Defendants also failed to protect Plaintiff from retaliation after Plaintiff made her complaints.  Plaintiff Warnso was retaliated against in numerous ways.  Among other things, Defendant Smith retaliated against Plaintiff Warnso for her rejection of his sexual advances by spreading lies about her in the workplace and complaining to her supervisor that she was a bad employee.  She received poor performance appraisals, criticizing her for not getting along with Defendant Smith, when she had been told by HR not to talk to him.   Again, Defendants did not respond to her complaints, did not investigate and did not take any action to protect Plaintiff

Warnso from further harassment or retaliation.  Finally, Plaintiff Warnso was constructively terminated in retaliation for her complaints.

13. Plaintiff Warnso filed timely administrative charges with the U.S. Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH").  Plaintiff was issued right to sue letters from both agencies. In or about November 2005, Plaintiff filed timely additional administrative complaints with the DFEH.  Plaintiff received right to sue letters from the DFEH.

FIRST CAUSE OF ACTION
(Sexual Harassment and Sex Discrimination in Violation of the FEHA)
(Against Defendants and Defendant Smith)

As a first, separate and distinct cause of action, Plaintiff complains of Defendants and Defendant Smith, and for a cause of action alleges:

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13, inclusive, as though set forth here in full.

15. In perpetrating the conduct described in paragraph 1 through 13, the Defendants and Defendant Smith, and each of them, including Does 1 through 50 and/or their agents and employees, engaged in a continuing and ongoing pattern and practice of unlawful sexual harassment in violation of the California Government Code sections 12940 *et seq.*.  Defendants and Defendant Smith, and each of them, sexually harassed Plaintiff and/or failed to take immediate and appropriate corrective action.  The unlawful harassment was sufficiently pervasive and severe as to alter the conditions of the Plaintiff's employment to create a hostile, intimidating and/or abusive work environment in violation of the law.

16. Defendants are strictly liable for the sexual harassment and discrimination by Defendant Smith and by Defendants' other supervisors and managers.

17. Plaintiff Warnso is a female who is a member of the class protected by the proscriptions contained in the FEHA, which make it an unlawful employment practice for an employer to discriminate against employees because of gender.

18. The acts and omissions of Defendants and Defendant Smith, and each of them, as aforesaid, were in violation of the FEHA.  Said statute imposes certain duties upon Defendants,

and each of them, concerning discrimination against persons, such as Plaintiff, on the basis of gender. Said statute was intended to prevent the type of injury and damages set forth herein.

19. Plaintiff filed timely Charges of Discrimination with the DFEH and EEOC and has received notices of her right to sue.

20. As a direct and proximate result of the aforementioned unlawful conduct of Defendants and Defendant Smith, Plaintiff has suffered and continues to suffer a substantial loss of earnings and a loss of other employment benefits, has had her career set back, and has suffered and continues to suffer humiliation, emotional distress, shame, despair, embarrassment and mental anguish, all in an amount within the minimum jurisdiction of this Court, and according to proof at trial.

21. In addition, Plaintiff was obligated to hire attorneys and to incur damages in the form of attorneys' fees and costs. Pursuant to Government Code section 12965(b), Plaintiff requests an award of attorneys' fees and costs against Defendants and Defendant Smith.

22. The acts of Defendants and Defendant Smith alleged above were done maliciously, oppressively, fraudulently and with the wrongful and unlawful intent of harming and injuring the Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages against Defendants and Defendant Smith.

SECOND CAUSE OF ACTION
(Failure to Take All Reasonable Steps Necessary to Prevent Discrimination and Harassment From Occurring In Violation of the FEHA)
(Against Defendants, Defendant Stranahan, Defendant Hobbs, Defendant Quiggle)

As a second, separate and distinct cause of action, Plaintiff complains of Defendants and/or Defendant Stranahan, Defendant Hobbs and Defendant Quiggle and for a cause of action alleges:

23. Plaintiff realleges and incorporates by reference paragraphs 1 through 22 as though set forth here in full.

24. As alleged herein and in violation of the FEHA, Defendants, Defendant Smith, Defendant Stranahan, Defendant Hobbs and Defendant Quiggle, and each of them, breached

1  their affirmative duty to take the reasonable steps necessary to prevent discrimination and
2  harassment from occurring in the workplace.  In addition, they failed to investigate the sexual
3  harassment and failed to take immediate and appropriate corrective action to end the harassment
4  and discrimination and to protect Plaintiff from retaliation.  As a direct and proximate result,
5  Plaintiff was subjected to the sexually discriminatory and harassing conduct alleged herein.

6   25.  As a direct and proximate result of the aforementioned unlawful conduct of
7  Defendants and Defendant Stranahan, Defendant Hobbs and Defendant Quiggle, Plaintiff has
8  suffered and continues to suffer a substantial loss of earnings and a loss of other employment
9  benefits, has had her career set back, and has suffered and continues to suffer humiliation,
10 emotional distress, shame, despair, embarrassment and mental anguish, all in an amount within
11 the minimum jurisdiction of this Court, and according to proof at trial.

12  26.  Plaintiff was obligated to hire attorneys and to incur damages in the form of
13 attorneys' fees and costs.  Pursuant to California Government Code section 12965(b), Plaintiff
14 requests an award of attorneys' fees and costs against Defendants and Defendant Stranahan,
15 Defendant Hobbs and Defendant Quiggle.

16  27.  The acts of Defendants and Defendant Stranahan, Defendant Hobbs, Defendant
17 and Defendant Quiggle alleged above were done maliciously, oppressively, fraudulently and
18 with the wrongful and unlawful intent of harming and injuring Plaintiff, with an improper and
19 evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is
20 therefore entitled to recover punitive damages against all Defendants.

## THIRD CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

(Against All Defendants )

As a third, separate and distinct cause of action, Plaintiff complains of All Defendants
and for a cause of action alleges:

28.  Plaintiff hereby incorporates by reference paragraphs 1 through 27 inclusive, as
though set forth here in full.

29.    Defendants, Defendant Smith, Defendant Stranahan, Defendant Smith, Defendant Quiggle, and Defendant Hobbs, and each of them, engaged in extreme and outrageous conduct by intentionally and/or recklessly subjecting Plaintiff, and/or permitting Plaintiff to be subjected to, unwanted, unwelcome and non-consensual sexual advances, abuse, harassment and discrimination based on sex, and retaliation.  Defendants, and each of them, ratified such conduct by failing and/or refusing to take any and all reasonable steps necessary to prevent such conduct from occurring and recurring, by failing to take appropriate disciplinary action following such conduct, and, in the case of Defendants Stranahan, Hobbs and Quiggle, who hold management positions with Defendants, by engaging in the conduct as alleged herein. As a direct and legal result, Plaintiff was harmed, and continues to suffer harm, in an amount to be proven at trial.

30.    Plaintiff repeatedly demanded that Defendants and Does 1 through 50 leave her and other women in the workplace in peace, stop the harassing and offensive conduct, but despite her protests and requests, Defendants did not effectively stop the conduct.

31.    Despite the fact that Plaintiff complained to Defendants about the sexually harassing and discriminatory conduct to which she (and others) were subjected, Defendants and Does 1 through 50 and each of them, their agents and assigns failed to investigate the matter in an adequate manner necessary to prevent foreseeable harm to Plaintiff.

32.    As a direct and proximate result of Defendants', Defendant Smith's, Defendant Stranahan's, Defendant Hobbs' and Defendant Quiggle's acts and/or failure to act, Plaintiff has suffered and continues to suffer a substantial loss of earnings and other employment benefits and has suffered and continues to suffer humiliation and disgrace, emotional distress, shame, despair, embarrassment and mental anguish, all to Plaintiff's damage in an amount according to proof, but within the minimum jurisdiction of this Court.

33.    The acts of All Defendants alleged above were done maliciously, oppressively, fraudulently and with the wrongful and unlawful intent of harming and injuring Plaintiff, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages against All Defendants.

## FOURTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

(Against All Defendants )

As a fourth, separate and distinct cause of action, Plaintiff complains of All Defendants and for a cause of action alleges:

34. Plaintiff hereby incorporates by reference paragraphs 1 through 33 inclusive, as though set forth here in full.

35. As employees of Defendants and/or Does 1 through 50, Plaintiff was owed a duty of due care by Defendants, and each of them, to ensure that she was not exposed to foreseeable harms.

36. Defendants, and each of them, knew, or should have known, that Plaintiff was being subjected to sexual harassment, sex discrimination and retaliation, and that by failing to exercise due care to prevent Defendant Smith and other Company employees, officers, agents or supervisors from engaging in a sexually and harassing, discriminatory and retaliatory course of conduct could and would cause Plaintiff to suffer emotional distress.

37. Defendants and each of them failed to exercise their duty of due care to prevent their employees, managers, supervisor and/or officers from sexually harassing and discriminating against and retaliating against Plaintiff.

38. As a direct and proximate result of Defendants', Defendant Smith's, Defendant Stranahan's, Defendant Hobbs', and Defendant Quiggle's acts, as well as the acts of Does 1 through 50, Plaintiff has suffered and continues to suffer a substantial loss of earnings and other employment benefits and has suffered and continues to suffer humiliation and disgrace, emotional distress, shame, despair, embarrassment and mental anguish, all to Plaintiff's damage in an amount according to proof, but within the minimum jurisdiction of this Court.

## FIFTH CAUSE OF ACTION
(Negligence)

(Against All Defendants)

As a fifth, separate and distinct cause of action, Plaintiff complains of All Defendants, and each of them, and for a cause of action alleges:

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38, inclusive, as though set forth here in full.

40. At all times material hereto, All Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff was being subjected to the unlawful conduct described herein above. As Plaintiff's employer, Defendants had an obligation to investigate, remedy and protect Plaintiff in the workplace.

41. At all times material herein, Defendants knew, or reasonably should have known, that the incidents, conduct, acts, and failures to act described herein above, would and did proximately result in emotional distress to Plaintiff, including, but not limited to, loss of sleep, anxiety, tension, depression, suicidal ideation and professional and personal humiliation.

42. At all times material herein Defendants knew, or in the exercise of reasonable care should have known, that unless Defendants investigated the facts referenced herein as well as intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of Defendant Smith, and/or Defendants' supervisors, managers, agents or employees as alleged herein above, said conduct, acts, and failures to act would continue and/or would continue subjecting Plaintiff to personal injury and emotional distress.

43. Defendants knew, or in the exercise of reasonable care should have known, that unless Defendants intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant Smith and others as described herein, Defendants' failure to so protect, supervise, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

44. At all times material herein, Defendants had the power, ability, authority, and duty to so intervene, supervise, prohibit, control, regulate, discipline, and/or penalize the conduct of Defendant Smith and/or Defendants' supervisors, managers, agents or employees as described herein above.

45. Despite said knowledge, power, and duty, Defendants negligently failed to act so as to prevent, supervise, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff.

46. As a direct and proximate result of the failure of All Defendants to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant Smith and/or Defendants' supervisors, managers, agents or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

47. At all times material herein, the failure of All Defendants to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant Smith and/or Defendants' supervisors, managers, agents or employees violated Plaintiff's rights under federal, state and/or common law.

48. As a direct and proximate result of All Defendants' negligence, Plaintiff has suffered and continues to suffer a substantial loss of earnings and other employment benefits and has suffered and continues to suffer humiliation, emotional distress, shame, despair, embarrassment and mental anguish, all to Plaintiff's damage in an amount not yet ascertained, but within the minimum jurisdiction of this Court.  Plaintiff will seek leave to amend this claim and insert the amount when the same is ascertained or on proof thereof.

SIXTH CAUSE OF ACTION
(Negligent Hiring, Supervision and Retention)

(Against Defendants)

As a sixth, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a cause of action alleges:

49. Plaintiff hereby incorporates by reference paragraphs 1 through 48, inclusive, as though set forth here in full.

50. Defendants, and each of them, owed Plaintiff a duty to protect her from employees who they knew or should have known created a risk of injury to her.  Defendants, and each of them, breached such duty by hiring, supervising and/or retaining Defendant Smith, Defendant Stranahan, Defendant Hobbs and/or Defendant Quiggle as well as other employees, managers and supervisors.  The Defendants knew or should have known with reasonable diligence, that they should not have done so because they were not fit to manage, supervise and/or work for Defendants and exercise any kind of control over Plaintiff and her work environment.  Defendants, and each of them, breached such duty by continuing to employ the individual Defendants, as well as other employees, supervisors and managers and by failing to adequately supervise the workplace despite the fact that they knew, or should have known, that the workplace was infested with pervasive and illegal behavior which was hostile, offensive, and demeaning to Plaintiff and other female employees.

51. As a proximate result of the acts and conduct of Defendants in hiring, supervising and/or retaining Defendants Smith, Stranahan, Hobbs and Quiggle as well as other employees, supervisors and managers, Plaintiff has suffered severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will seek leave of Court to assert the same when they are ascertained.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

52. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

SEVENTH CAUSE OF ACTION
(Constructive Wrongful Termination In Violation of Public Policy)

(Against Defendants)

As an seventh, separate and distinct cause of action, Plaintiff complains of Defendants, and each of them, and for a cause of action alleges:

53. Plaintiff Warnso hereby incorporates by reference paragraphs 1 through 52, inclusive, as though set forth here in full.

54. At all times herein mentioned, California Government Code Section 12900, <u>et seq.</u> was in full force and effect and was binding upon Defendants. Said statute requires Defendants to refrain from discriminating against any employee or interfering in any employment relationship on the basis of sex, among other things. In addition, said statute prohibits Defendants from retaliating against an employee who exercises her statutory or other legal rights under this statute.

55. Furthermore, sex discrimination in employment violates the public policy of California contained in Article I, Section 8 of the California Constitution.

56. During Plaintiff Warnso's employment with Defendants, Plaintiff was discriminated against on the basis of her sex/female and retaliated against as a result of complaining about her disparate treatment with regard to the terms and conditions of her employment and for complaining about discrimination and harassment directed at her co-workers, all in violation of the exercise of her protected statutory and constitutional rights and in violation of public policy.

57. When Plaintiff Warnso resisted and complained about the conduct set forth above and refused to submit to such conduct, Defendants and Defendants Hobbs, Stranahan and Quiggle retaliated against Plaintiff such that she could no longer tolerate her working conditions. She was constructively terminated in her employment.

58. By reason of the aforementioned conduct and circumstances, Defendants violated the fundamental public policies of the state of California, as set forth in the FEHA and violated the California constitution, which mandate that employees be free from sexual harassment and

discrimination in the workplace, and that employees who oppose such conduct be free from retaliation, intimidation and adverse employment actions.

59.     As a direct and proximate result of Defendants' acts, Plaintiff Warnso has suffered and continues to suffer a substantial loss of earnings and other employment benefits and has suffered and continues to suffer humiliation and disgrace, emotional distress, shame, despair, embarrassment and mental anguish, all to Plaintiff's damage in an amount according to proof, but within the minimum jurisdiction of this Court.

60.     The acts of All Defendants alleged above were done maliciously, oppressively, fraudulently and with the wrongful and unlawful intent of harming and injuring Plaintiff Warnso, with an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is therefore entitled to recover punitive damages against Defendants, Defendant Hobbs, Defendant Stranahan and Defendant Quiggle.

EIGHTH CAUSE OF ACTION
(Defamation)

(Against Defendants and Defendant Smith)

As an eighth, separate and distinct cause of action, Plaintiff complains of Defendants and Defendant Smith, and each of them, and for a cause of action alleges:

61.     Plaintiff hereby incorporates by reference paragraphs 1 through 60, inclusive, as though set forth here in full.

62.     Plaintiff is informed and believes and thereon alleges that Defendants (including their supervisors, managers, agents and employees) and Defendant Smith, and each of them, including Does 1 through 50, and/or their agents or employees, acting within the course and scope of their employment, caused to be published false and unprivileged communications set forth herein, tending to directly injure Plaintiff in her business and personal reputation by accusing her of a want of chastity, among other things.

63.     These false and unprivileged statements set forth above were published, with express and implied malice on the part of Defendants and/or Defendant Smith, to individuals other than Plaintiff, with the designed intent to injure Plaintiff and her good name, reputation and

ability to work and to deny her the ability to continue working in her profession. These statements were motivated by hatred and ill will on the part of Defendants and/or Defendant Smith. Said conduct of Defendants and/or Defendant Smith was not privileged under California law.

64. As a proximate result of the defamatory statements made by said Defendants and/or Defendant Smith, and each of them as aforesaid, Plaintiff has suffered and continues to suffer injury to her personal, business and professional reputations, and further has suffered and continues to suffer embarrassment, humiliation, and anguish, and substantial losses of earnings and benefits all to her damage in an amount according to proof, but within the minimum jurisdiction of this Court.

65. Defendants and/or Defendant Smith committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiff and acted with an improper and evil motive, and in an intentional, deliberate, cold, callous, malicious and cavalier manner, and in conscious disregard of Plaintiff's rights. Because said acts taken toward Plaintiff was carried out by managerial employees acting in a despicable, deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, Plaintiff is entitled to recovery of punitive damages from Defendants in an amount according to proof.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against All Defendants, including Defendants, Defendant Smith, Defendant Stranahan, Defendant Hobbs, Defendant Quiggle, and each of them, as follows:

1. For a money judgment representing compensatory damages, including, but not limited to lost wages, vacation pay, bonuses, employee benefits, and all other sums of money, together with interest on said amounts, in an amount according to proof and within the minimum jurisdiction of this Court;

2. For a money judgment awarding Plaintiff an additional sum according to proof as damages for mental pain and anguish and emotional distress in an amount according to proof and

within the minimum jurisdiction of this Court;

    3.    For an award of punitive damages;

    4.    For attorneys' fees and costs of suit pursuant to California Government Code Section 12965(b) or any other applicable law;

    5.    For pre- and post-judgment interest;

    6.    For an order that Defendants, jointly and severally, institute and carry out appropriate and necessary policies, practices and programs that are consistent with the requirements of state law, including, but not limited to, EEO monitoring that will provide equal employment opportunities for women and which will eradicate the effects of its past and present unlawful employment practices;

    7.    For a permanent injunction enjoining Defendants, jointly and severally, their officers, successors, assigns and all persons in active concert or participation with them, from engaging in sexual harassment or any other employment practice that discriminates on the basis of sex.

    8.    For any other relief that is just and proper.

Dated: February 1, 2006

                                SAYAD & BIREN

                                By:_____
                                     PAMELA M. SAYAD

                                LAW OFFICES OF BARBARA GIUFFRE

                                By:_____
                                     BARBARA GIUFFRE

                                Attorneys for Plaintiff

JURY DEMAND

Plaintiff hereby demands trial by jury on all issues in this case.

Dated: February 1, 2006

                                            SAYAD & BIREN

                                            By:_____
                                                 PAMELA M. SAYAD

                                            LAW OFFICES OF BARBARA GIUFFRE

                                            By:_____
                                                 BARBARA GIUFFRE

                                            Attorneys for Plaintiff

C:\Documents and Settings\saybir.SAYBIR1\My Documents\CLIENT FILES\2400 - Stokes Williams and Warnso\Warnso Final Complaint1-25-06.doc